IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. JOSEPH NICOLOSI,            )
                                )
            Plaintiff,          )
                                )
    v.                          )    No.  09 C 3011
                                )
DONELLE DADIGAN, et al.,        )
                                )
            Defendants.         )

MEMORANDUM ORDER

On May 19, 2009 counsel for Dr. Joseph Nicolosi ("Nicolosi") filed a 75-page, 226-paragraph, 10-count Complaint against a number of individual and corporate defendants, coupled with a two-inch stack of only part of the exhibits referred to in the Complaint.[1]  That obviously impermissible federal filing triggered this Court's prompt issuance of the Order, which (1) criticized Nicolosi's counsel for the extensive pleading of evidence, in violation of the plain directive in Fed. R. Civ. P. ("Rule") 8(a), (2) accordingly struck the Complaint and exhibits from the court file and (3) then concluded by stating:

> This order is issued without prejudice to Nicolosi's filing of a suitable Amended Complaint on or before June 8, 2009, although in that respect his counsel must pay closer attention to the required jurisdictional allegations as to diversity than Complaint ¶¶6, 9 and 12 now reflect.

---

[1] As this Court said in n.1 to its May 22 memorandum order ("Order"), which is discussed later in this memorandum order:

> With so many numbers in the exhibit sequence being missing from that stack, it is clear that the entire set is even more bulky.

Now Nicolosi's counsel has indeed filed a June 4 Amended Complaint--this time occupying "only" 53 pages and 198 paragraphs (it still comprises 10 counts, although counsel's labeling of each count as a separate "claim" mistakes that federal pleading concept--see, e.g., NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992)). That new filing reflects counsel's continuing disregard of the message, implicit in Rule 8(a) and hence in the Order, that pleading in the federal courts is a function for lawyers and not for novelists manque (or even short story authors manque).[2]

Moreover, despite the concluding directive in the Order, Amended Complaint ¶1 has paid no heed to the requirements for establishing the existence of federal subject matter jurisdiction in a diversity action--see particularly 28 U.S.C. §1332(c)(1). Accordingly both the Amended Complaint and this action are dismissed for lack of subject matter jurisdiction.

Finally, although enough is ordinarily enough, sometimes enough is too much. In light of Nicolosi's heedless inattention to the guidance that was sought to be conveyed in the Order, the foregoing dismissal is ordered to be with prejudice so far as federal court filing is concerned. Nicolosi's lawyers are free

---

[2] This Court is of course aware that Rule 9(b) provides a limited exception to the notice pleading constraints of Rule 8(a). That limited exception, however, does not grant a license for the kind of detailed evidentiary pleading that is exemplified by the Complaint and Amended Complaint.

to seek a judicial haven that may be more hospitable to the prolix type of pleading that the lawyers seem bound and determined to advance.

```
                         _____
                         Milton I. Shadur
                         Senior United States District Judge
```

Date:  June 9, 2009